# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARIC COOPERWOOD,** )<br>**ANTHONY FELLOWS, and** )<br>**RACHEL FELLOWS,** *each on behalf of* )<br>*themselves and all others similarly situated,* )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**KDR AP, LLC, KDR REALTY, LLC,** )<br>**AXION PROPERTY MANAGEMENT,** )<br>**LLC, AXIOM PROPERTY** )<br>**MANAGEMENT II, LLC, AXIOM** )<br>**EQUITIES, LLC, AXIOM-ASPEN, LLC,** )<br>**AXIOM EQUITIES INVESTMENTS, LLC,** )<br>**and AXIOM FAMILY OF COMPANIES,** )<br>**LLC,** )<br>)<br>**Defendants.** )<br>) | Case No. 25-2267-EMF-GEB |

## SECOND NOTICE AND ORDER TO SHOW CAUSE

**To Plaintiffs:**

On May 15, 2025, Plaintiffs filed their Class Action Complaint[1] for damages related to the alleged failure of Defendants to repair the plumbing system of Aspen Place Apartments in Gardner, Kansas which led to the condemnation of same. The condemnation purportedly resulted in the displacement of the residents of the apartment complex. The Class Action Complaint asserts this court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Because the court has an

---

[1] ECF No. 1.

1

independent obligation to satisfy itself that subject matter jurisdiction is proper[2] and the Class Action Complaint fails to allege facts sufficient for the court to determine whether minimal diversity exists, as required by § 1332(d)(2), the undersigned entered the initial Notice and Order to Show Cause[3] on May 19, 2025. Plaintiffs' Response to Notice and Order to Show Cause[4] ("Response") was timely filed. Upon review of Plaintiffs' Response, the court finds Plaintiffs have not yet shown minimal diversity required by § 1332(d)(2).

Again, "[u]nder CAFA, a federal district court has subject matter jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity is met (between at least one defendant and one plaintiff-class member)."[5] Plaintiffs alleged there are over 100 putative class members[6] and the amount in controversy exceeds $5,000,000.[7] The issue remaining after review of Plaintiffs' Response is that Plaintiffs still have not shown facts sufficient for the court to determine minimal diversity exists.

Minimal diversity is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant."[8] An individual "is a citizen of a state if the person is

---

[2] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).
[3] ECF No. 3.
[4] ECF No. 10.
[5] *Macias v. BNSF Railway Company*, No. 19-2305-JWL, 2020 WL 3469680, at *3 (D. Kan. R. June 25, 2020) (citing 28 U.S.C. § 1332(d); *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016)).
[6] ECF No. 1 at 7.
[7] *Id.* at 8. *See also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 82 (2014) ("the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court").
[8] 28 U.S.C. § 1332(d)(2)(A).

domiciled in that state."[9] Domicile is established by "physical presence in a place with a certain state of mind concerning one's intent to remain there."[10] The named Plaintiffs each allege they are "a natural person, consumer, and citizen of Kansas."[11] There are no allegations regarding the citizenship of any other putative class member.

Each of the 8 named Defendants is a limited liability company. When determining complete diversity under 28 U.S.C. § 1332 (a), the citizenship of an unincorporated entity, such as a limited liability company, is determined based upon "the citizenship of 'all [its] members.'"[12] However, under CAFA an unincorporated association "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."[13] For Defendants KDR AP, LLC and KDR Realty, LLC, Plaintiffs allege they are organized in Kansas, providing their dates of organization and entity numbers with the Kansas Secretary of State, and also they have their principal offices in Kansas.[14] And Defendant Axiom-Aspen, LLC, dissolved in 2022, is alleged to have been organized in Kansas with no remaining principal office.[15] Thus, based upon the information

---

[9] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).
[10] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).
[11] ECF No. 1 at 7.
[12] *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016); see also *Siloam Springs Hotel*, 781 F.3d 1233, 1234 (10th Cir. 2015). The court incorrectly cited this as the appropriate standard in its initial Notice and Order to Show Cause.
[13] 28 U.S.C. § 1332(d)(10); *see also Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237, n.1 (10th Cir. 2015).
[14] ECF No. 1 at 3-4.
[15] *Id.* at 6.

currently available, Defendants KDR AP, LLC; KDR Realty, LLC; and Axiom-Aspen, LLC are citizens of Kansas, as are the named Plaintiffs.

The remaining 5 Defendants, Axiom Property Management, LLC; Axiom Property Management II, LLC; Axiom Equities, LLC; Axiom Equities Investments, LLC; and Axiom Family of Companies, LLC are all alleged to be organized in Kansas with their principal offices in Missouri.[16] In their Response, Plaintiffs argue where the named Plaintiffs are citizens of Kansas but at least one of the Defendants is a citizen of Missouri that minimal diversity has been shown. But the language in 28 U.S.C. § 1332(d)(10) is clear "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business **and** the State under whose laws it is organized."[17] Based upon the information available, the above named 5 Defendants are therefore citizens of both Kansas and Missouri. Because the named Plaintiffs and all Defendants are citizens of Kansas, Plaintiffs have not shown any member of a class of plaintiffs is a citizen of a state different from any defendant.

This case recently commenced. Although Defendants have been served, the deadline to answer or otherwise respond has not yet run, and no deadline for a Fed. R. Civ. P. 26(f) conference has been set. Discovery is not typically permitted prior to the parties'

---

[16] *Id.* at 4-6.

[17] 28 U.S.C. § 1332(d)(10) (emphasis added). *See also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237, n. 1 (10th Cir. 2015) (" Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members.") and 2 McLaughlin on Class Actions § 12:6 (21st ed.)

Fed. R. Civ. P. 26(f) conference.[18] However, the court will give Plaintiffs 30 days to conduct limited discovery regarding the citizenship of Defendants, if necessary, and any putative class members. And, then because the Class Action Complaint together with Plaintiffs' Response do not establish minimal diversity, Plaintiffs shall **show cause** in writing to the undersigned United States Magistrate Judge, **on or before July 21, 2025**, why she should not recommend to the District Judge this case be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2025 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[18] Fed. R. Civ. P. 26(d)(1).